IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ROBERT W. HENRY, LORI A. HENRY, <br><br> *Plaintiffs,* <br><br> vs. <br><br> USAA FEDERAL SAVINGS BANK, FEDERAL NATIONAL MORTGAGE ASSOCIATION, OCWEN LOAN SERVICING, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> *Defendants.* | § § § § § § § § § § § § § § <br><br> SA-18-CV-01292-XR |

## SHOW CAUSE ORDER

Before the Court in the above-styled cause of action is Plaintiffs' *pro se* Amended Application to Proceed in District Court without Prepaying Fees or Costs [#2], filed December 11, 2018, and Proposed Amended Complaint [#6], filed December 18, 2018.[1] By their motion, Plaintiffs Robert W. Henry and Lori A. Henry (collectively, "Plaintiffs") seek leave to proceed *in forma pauperis* ("IFP") based on their inability to afford court fees and costs associated with this case. Having considered the motion and documentation provided by Plaintiffs, the undersigned grants the motion to proceed IFP but orders Plaintiffs to file a response to this Show Cause Order, demonstrating why their Amended Complaint should not be dismissed for lack of subject-matter jurisdiction.

---

[1] The relevant history is as follows. On December 10, 2018, Plaintiffs, proceeding *pro se*, filed a motion to proceed IFP [#1] and attached their Complaint [#1-1] thereto. On December 11, 2018, Plaintiffs filed an amended motion to proceed IFP [#2], which mooted the first IFP motion. Plaintiffs filed a Proposed Amended Complaint [#6] on December 18, 2018.

1

## I.  Motion to Proceed IFP

The parties instituting any civil action, suit, or proceeding in a district court of the United States, other than an application for a writ of *habeas corpus*, must pay a filing fee of $350 plus an administrative fee of $50, for a total filing fee of $400.  *See* 28 U.S.C. § 1914(a); *District Court Miscellaneous Fee Schedule*, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.  Ordinarily, the entire fee must be paid in advance of filing a civil complaint.  However, a litigant who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee.  In civil matters, there is no absolute right to proceed IFP.  *See Holmes v. Hardy*, 852 F.2d 151, 153 (5th Cir. 1988).  Rather, IFP status "is a privilege extended to those unable to pay filing fees when the action is not frivolous or malicious."  *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969) (citing 28 U.S.C. § 1915); *see Wickerham v. Waterman*, No. SA-14-CA-766-XR, 2014 WL 5469816, at *4 (W.D. Tex. Oct. 28, 2014).

Plaintiffs' motion to proceed IFP includes their income and asset information, which indicates that Plaintiff Robert W. Henry is unemployed and Plaintiff Lori A. Henry works for Southwest Airlines Co. and earns $30.94 per hour.  The motion further indicates that Plaintiffs have $50 in cash or in a checking or savings account.  Plaintiffs list no other source of income and $19,000 in assets in the form of two automobiles and jewelry.  Plaintiffs claim two dependents.  Finally, Plaintiffs list various monthly expenses, totaling $1,248, as well as $290 in monthly credit card payments.  This information demonstrates that Plaintiffs do not have sufficient monthly resources available to pay the filing fee, and the undersigned recommends that Plaintiffs' motion to proceed IFP be granted.

## II. Frivolousness Analysis

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). A complaint lacks an arguable basis in law, so as to be subject to dismissal, "if it is based on an indisputably meritless legal theory." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998)). A complaint lacks an arguable basis in fact if "the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). However, a complaint cannot be dismissed simply because the court finds the allegations to be improbable or unlikely; rather, a court may dismiss a claim as factually frivolous only if the facts alleged are "clearly baseless." *Id.* at 32 (quoting *Neitzke*, 490 U.S. at 327). "District courts are vested with especially broad discretion in making the determination of whether an IFP proceeding is frivolous." *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiffs' Amended Complaint does not demonstrate that this Court has jurisdiction over the case. "Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). "They are empowered to hear only those cases that are within the constitutional grant of judicial power, and that have been entrusted to

---

[2] Unlike 28 U.S.C. § 1915A, which requires a court to screen prisoners' complaints for frivolousness, Section 1915(e) does not require an initial screening, but empowers a court to dismiss an IFP case if it at any time determines it is frivolous.

them by a jurisdictional grant enacted by Congress." *Sarmiento v. Texas Bd. of Veterinary Med. Exam'rs By & Through Avery*, 939 F.2d 1242, 1245 (5th Cir. 1991). "It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Plaintiffs' Amended Complaint sues USAA Federal Savings Bank ("USAA Bank"), the Federal National Mortgage Association, Ocwen Loan Servicing, LLC, Mortgage Electronic Registrations Systems, Inc., an unidentified depositor, and one hundred unnamed defendants (identified only as "Does 1 through 100"). (Am. Compl. [#6] at ¶¶ 3–9.) Plaintiffs allege various claims against Defendants related to the attempted foreclosure of the property located at 8623 Seneca Creek, Converse, Texas 78109. Specifically, Plaintiffs allege six causes of action: (1) wrongful foreclosure; (2) breach of contract; (3) quiet title; (4) slander of title; (5) injunctive relief; and (6) declaratory relief.

The Amended Complaint states that "[t]his Court has jurisdiction over this matter pursuant to the State Constitution and statute." (*Id.* at ¶ 1.) But federal courts have original subject-matter jurisdiction over only two types of cases: (1) "federal question" cases under 28 U.S.C. § 1331 and (2) diversity of citizenship cases under 28 U.S.C. § 1332. Although Plaintiffs claim the Court has jurisdiction pursuant to the "State Constitution and statute," federal courts have no original jurisdiction over state law claims in the absence of diversity jurisdiction under 28 U.S.C. § 1332. (*Id.*)

The Amended Complaint does not otherwise raise a "federal question" that would give rise to jurisdiction. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing *Gully v. First National Bank*, 299 U.S. 109, 112–113 (1936)).

The Amended Complaint does not reference any Constitutional provision, law, or treaty of the United States that serves as the basis of Plaintiffs' claims. Although the Amended Complaint does complain of "Defendants' numerous violations of federal and state statute," the only federal statute mentioned in the Amended Complaint is the Tax Reform Act of 1986, 26 U.S.C. § 1 *et seq.*, which does not create a private statutory cause of action. (Am. Compl. at ¶ 73.) Plaintiff alleges no other facts or legal authority that would support this Court having federal-question subject-matter jurisdiction over this case. Instead, it appears Plaintiffs are asserting claims for wrongful foreclosure, breach of contract, quiet title, and slander of title, which would arise under state law, and therefore should be brought in state and not federal court. To the extent that Plaintiffs have suffered a loss of property rights, they have not identified a cause of action to enforce those rights under federal law.

Because the claims asserted by Plaintiffs arise under state law, Plaintiffs bear the burden of establishing the Court's diversity jurisdiction and have thus far failed to do so. Federal courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). For diversity jurisdiction to exist, there must be "complete diversity" of citizenship between the parties. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829

(1989). In this case, that means that all Defendants must be alleged to be "citizens of different States" than Plaintiffs. 28 U.S.C. § 1332(a)(1).

Plaintiffs' pleadings do not currently demonstrate that complete diversity exists. Plaintiffs allege that they are residents of Bexar County, Texas. (Am. Compl at ¶ 2.) For purposes of diversity jurisdiction, a person's citizenship is determined by the person's domicile—that is, the last state in which he or she resided and had an intent to remain. *See*, *e.g.*, *Sun Printing & Publ'g Ass'n v. Edwards*, 194 U.S. 377, 382 (1904); *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'") (quoting *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954)). A corporation is treated as a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *See* 28 U.S.C. § 1332(c). A corporation's "principal place of business" is where the corporation's "nerve center" is located. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010) (construing 28 U.S.C. § 1332). Plaintiffs have sued numerous defendants—some corporations, some individuals. It is unclear whether every defendant is a citizen of a state other than Texas and, therefore, it is unclear whether complete diversity exists. Plaintiffs, as the parties seeking to invoke this Court's jurisdiction, bear the burden of establishing the existence of diversity jurisdiction. *See*, *e.g.*, *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). Thus, Plaintiffs are ordered to show cause as to why their Amended Complaint should not be dismissed for lack of subject-matter jurisdiction.

### III. Conclusion

In summary, the Court will grant Plaintiffs' Motion to Proceed IFP but order Plaintiffs to show cause as to why their Amended Complaint should not be dismissed for lack of subject-matter jurisdiction.

**IT IS THEREFORE ORDERED** that Plaintiffs' *pro se* Amended Application to Proceed in District Court without Prepaying Fees or Costs [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint shall be filed by the Clerk without prepayment of fees, costs, or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiffs. **Service upon Defendants should be withheld pending this Court's initial review under 28 U.S.C. § 1915(e).**

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiffs shall **SHOW CAUSE** as to why their Amended Complaint should not be dismissed for lack of subject matter jurisdiction. Plaintiffs may make this showing by filing a second amended complaint curing the deficiencies set forth above, namely by adding to their pleading details regarding the citizenship of each named defendant. If Plaintiffs fail to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiffs do not wish to file a show cause response, they may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 14th day of January, 2019.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE